**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XING XIE and WEICHENG CAO, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>CITYSPADE INC., CITYSPADE MOVING AND DELIVERY LLC and ZI JUN WANG a.k.a ALEX,<br><br>Defendants. | Civil Action No.:<br><br>**COLLECTIVE**<br>**AND**<br>**CLASS ACTION COMPLAINT**<br>**Jury Trial Demanded** |

Plaintiffs, XING XIE and WEICHENG CAO, by and through their attorneys, HANG & ASSOCIATES, PLLC, as and for cause of action against the Defendants allege upon information and belief as follows:

## INTRODUCTION

1.      This action is brought by plaintiffs XING XIE and WEICHENG CAO, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), against CITYSPADE INC., CITYSPADE MOVING AND DELIVERY LLC and ZI JUN WANG a.k.a ALEX (collectively "Defendants"), for alleged violations of the Federal Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Massachusetts Wage Act, MASS. GEN. LAWS CH. 149, §§ 148, 150 ("Wage Act"), the Massachusetts Minimum Fair Wage Act, MASS. GEN. LAWS CH. 151, §§ 1A-1B ("MFWA") (collectively, "Massachusetts State Law"), and of New York Labor Law §§190 et seq. ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, the Massachusetts State Law, and the NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, proper overtime

compensation and spread of hours premium, as well as failing to provide their employees, including Plaintiffs, with wage notice at the time of hiring and wage statements.

3.      Plaintiffs allege, pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs;

4.      Plaintiffs further allege, pursuant to Massachusetts State Law, that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest, and (4) attorney's fees and costs.

5.      Plaintiffs further allege, pursuant to NYLL §190 et seq. and Title 12 of New York Codes, Rules and Regulations Part 146 ("NYCRR"), that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest, (5) compensation for wage notice and pay stub violations, (6) prejudgment and post-judgment interest, and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and section 16(b) of the FLSA, 29 U.S.C. § 216(b).

7.      In addition, this Court has supplemental jurisdiction over Plaintiffs' New York and Massachusetts claims under 28 U.S.C. § 1367.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate the business located in this district. , and have substantial business contacts in New York County, New York, and because a substantial part of the events or omissions giving rise to the claims occurred in

this judicial district.

## PLAINTIFFS

9.      Plaintiff XING XIE  (hereinafter "Xie") is a resident of New Jersey.

10.     Plaintiff  WEICHENG CAO (hereinafter "Cao") is a resident of New York.

11.     From on or around October 1, 2017 to on or around June 30, 2018, Xie was employed by Defendants to worked for their one-stop urban living brokerage business CitySpade as a marketing associate at CitySpade's Boston office located at 68 Harvard St, G1, Brookline, MA 02445; From on or around July 1, 2018 to in or around April 2019, Xie worked as a public relations associate for CitySpade's New York office located at 70 West 36th Street, Suite 6C, New York, NY 10018.

12.     During his time as a marketing associate, Xie's daily duties included but were not limited to: drafting and submitting posts and pictures on social media such as WeChat and Facebook; responding to comments or questions posted by clients or the public on social media; carrying out miscellaneous tasks for the Company's marketing events; looking for rental sources and leads; visiting available rental apartments and taking pictures of available rental apartments to post on social media.

13.     As a public relations specialist, Xie is responsible for things like monitoring company's online presence; addressing online customer complaints; coordinating online messages and content; controlling and handling various public relations situations; working with different departments and dealing with internal complaints from employees.

14.     From on or around May 1, 2018 to the present, Cao was employed by Defendants to work for their one-stop urban living brokerage business as a manager for their New York office located at 70 West 36th Street, Suite 6C, New York, NY 10018.

15.     At all relevant times Cao's daily duties included, but were not limited to – overseeing the New York moving and delivery team, contacting clients, coordinating the  moving schedules, and arranging

vehicles for clients' moving needs.

## DEFENDANTS

### *Corporate Defendants*

16.     Defendant CITYSPADE INC. (hereinafter "CITYSPADE INC.") is a foreign corporation incorporated and organized under the laws of Delaware, with its principal place of business at 70 West 36th Street, Suite 6C, New York, NY 10018.

17.     CITYSPADE INC. is a one-stop urban living service brokerage business that primarily targets Chinese nationals who live and/or study in the United States. It operates from CitySpade's main website[1], through which individuals can search for housing or apartment rental resources, legal services [2] and resources for selling and buying new or used cars [3] at cities across the States.

18.     With regards to its rental brokerage business, CITYSPADE INC. offers complementary services such as moving services, real-time online consultation, roommate matching and sight unseen services.

19.     Defendant CITYSPADE MOVING AND DELIVERY LLC (hereinafter "CITYSPADE MOVING AND DELIVERY LLC") is a corporation incorporated under the laws of New York and with its registered office at 70 West 36th Street, Suite 6C, New York, NY 10018.

20.     Upon information and belief, Corporate Defendant CITYSPADE MOVING AND DELIVERY LLC is affiliated with and/or is a subsidiary of CITYSPADE INC.

21.     Corporate Defendants CITYSPADE MOVING AND DELIVERY LLC and CITYSPADE INC. have overlap, if not identical, management, operate under the same policies and practices, share employees and resources, operate through the same main website, and process employees' payroll

---

[1] https://www.cityspade.com.
[2] CITYSPADE INC. operates its legal brokerage service from LawSpade (https://en.lawspade.com).
[3] CITYSPADE INC. operates its car brokerage service from CarSpade (https://en.carspade.com).

from the same payroll company.

22.     Upon information and belief, Defendants have over 50 employees.

23.     Upon information and belief, Corporate Defendants had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

24.     Upon information and belief, Corporate Defendants purchased and handled goods moved in interstate commerce.

25.     At all relevant times herein, Defendants operated offices and conducted business in the states of New York, Massachusetts, Pennsylvania, Illinois, Texas, Florida, and California.

26.     At all times relevant times, each Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

27.     At all relevant times, Defendants were the employers of Plaintiffs, and all other similarly situated employees, and are thus liable to Plaintiffs, and all others similarly situated, as employers, joint employers, and a single consolidated employer and/or otherwise according to FLSA and relevant state wages and hour law.

***Owner/ Operator Defendant***

28.     Upon information and belief, Defendant Zi Jun Wang (hereinafter "Wang") is the owner, chief executive officer and/or managing agent of Corporation Defendants and participated in the day-to-day operations of Corporate Defendants.

29.     Upon information and belief, Wang acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Corporate Defendants.

30.     Upon information and belief, Wang owns the stocks and determines the wages and compensation of the employees, including Plaintiffs, establishes work schedules and work load of the

employees, maintains employee records, and has the authority to hire and fire employees.

31.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiffs bring the FLSA minimum wage and overtime claims as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and of the following class of persons: All individuals worked as employees, exempt or otherwise, for Defendants in the state of New York and Massachusetts , within three years from the commencement of this action through entry of judgment in this case(the "Collective Action Period")  who have been misclassified as exempt employees or otherwise not been paid minimum wage for all hours worked up to forty hours and/or overtime compensation for work performed in excess of forty hours per week (the "Collective Action Members").

33.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants.

34.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

35.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be

dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

36.      A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

37.      Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

  a. Whether the Defendants employed Collective Action Members within the meaning of the FLSA;

  b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

  c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

38.      Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39.      Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## **CLASS ACTION ALLEGATIONS**

40.     Plaintiff Xie brings his state law claims under Massachusetts state law (including individual state law subclasses) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. ("F.R.C.P.") 23. Plaintiff Xie, individually, and behalf of others similarly situated, seek relief on a class basis challenging Defendants' practice of compensating Plaintiff and others similarly situated. The Rule 23 subclasses are defined as follows:

**The Massachusetts Class**

41.     Plaintiff Xie brings his Massachusetts state law claims pursuant to F.R.C.P. Rule 23, on behalf of all non-exempt employees who worked for Defendants in Boston on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein (the "Mass. Class Period").

42.     All said persons, including Xie, are referred to herein as the "Massachusetts Class."

43.     The class members are readily ascertainable. The number and identity of the class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

**The New York Class**

44.  Plaintiffs Xie and Cao bring their NYLL claims pursuant to F.R.C.P. Rule 23, on behalf of all persons employed, exempt or otherwise, by Defendants at their office locations in New York doing business as CITYSPADE on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "New York Class Period").

45.     All said persons, including Plaintiffs, are referred to herein as the "New York Class." The New York Class members are readily ascertainable. The number and identity of the New York Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each New York Class member are also determinable from

8

Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

46.    The class satisfies the numerosity standards in that the class numbers well over forty-five. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct and electronic mail as well as notice posted in the branch office locations.

*Commonality*

47.    There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

> a.  Whether Defendants employed the Plaintiffs and the class members within the meaning of the state law of New York and Massachussets;
>
> b.  Whether Defendants paid the Plaintiffs and the class members the overtime compensation at one-and-a half times at their hourly rate for all hours worked over forty under the state law of New York and Massachussets;
>
> c.  Whether Defendants provided the New York class members proper wage notice as to their rate of pay;
>
> d.  Whether Defendants provided the New York class members proper wage statement for each of their pay period;

e.  Whether Defendants provided the New York class members spread-of-hours pay for work shifts that lasted over 10 hours per day;

f.  Whether Defendants knew or had reason to know its policies and compensation practices were unlawful; and

g.  Whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the class memebers;

48.    The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

*Typicality*

49.    Plaintiffs' claims are typical of those of the Class in that class members have been paid pursuant to the same compensation structure as the Plaintiffs and were subject to the same or similar unlawful practices as the Plaintiffs.

50.    Defendants' corporate wide policies and practices affecte all class members similarly, and the Defendants benefited from the same type of unfair and/ or wrongful acts as to each class members. Plaintiffs and other class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

51.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and

varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

52.     The Plaintiffs are an adequate representative of the classes because their interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Plaintiffs acting as class representative and their undersigned counsel, who have experience in employment and class action lawsuits.

*Superiority*

53.     Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## STATEMENT OF FACTS

54.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

55.     Defendants knew that the nonpayment of overtime pay and spread of hours, and failure to provide the required wage notice and pay stubs would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff Xing Xie*

56.     From on or around October 1, 2017 to on or around June 30, 2018, Xie worked as a marketing associate at Defendants' Brookline office located at 68 Harvard St, G1, Brookline, MA 02445.

57.     During this period, Plaintiff Xie worked five (5) days a week on weekdays, but he regularly

11

had to work additional hours on the weekends. Specifically, from Monday through Friday, Plaintiff Xie worked from around 10:00 a.m. to around 6:00 p.m. each day with a one hour break. Plaintiff Xie routinely had to continue working after 6:00 pm. His off the clock work included, but not limited to, engaging with customers on social media, responding to online posts, responding to Defendant Wang's orders or requests through Chinese social media platform WeChat. As a result, Plaintiff Xie regularly worked until around 10: 00 p.m. at least three (3) out of five (5) workdays. On Saturdays, Plaintiff Xie had to work from around 10:00 a.m. to 2:00 p.m. to visit apartments, take pictures of the apartments, or bring potential clients to show the apartments. Plaintiff Xie therefore worked around sixty-five (65) hours per week.

58.     From <u>on or around July 1, 2018 to in or around April 2019</u>, Xie worked as a Public Relations specialist for Defendants' New York office located at 70 West 36th Street, Suite 6C, New York, NY 10018.

59.     During this period, Plaintiff Xie worked five (5) days a week at Defendants' New York office, located at 70 West 36th Street, Suite 6C, New York, NY 10018. From Monday through Friday, Plaintiff Xie worked from 9:00 a.m. to 6:00 p.m. an hour break. However Plaintiff Xie had to continue working until around 10:00 at least three (3) days a week. Plaintiff Xie therefore worked around fifty-two (52) hours per week.

60.     Although Xie was clearly not an exempt employee, during his time at CitySpade's Boston office he was compensated at an annual salary of $40,000 regardless of the number of hours he worked.

61.     Plaintiff Xie relocated to New York to work for Defendants' New York office at Defendants' request. Although Xie was classified as an hourly employee to be paid at $30 per hour, he in fact was compensated on the basis of an annual salary of $45,000 regardless of the number of hours he worked. In addition, as part of his compensation, Defendants promised to pay Xie a monthly rental allowance

of $1,500 in addition to an annual salary of $45,000.

62.     Defendants failed to pay Xie any compensation since December 21, 2018.

63.     Defendants failed to pay Xie any of the promised monthly rental allowance following his relocation to New York at Defendants' request.

64.     To perform his duties as a marketing associate in Massachusetts, Xie had to drive to different parts of the city to see apartments. Defendants often rely on their employees, including Xie, to purchase, out of their own pocket, office supplies or other miscellaneous items for the office and reimburse them later.  As of today, Defendants have yet to reimburse Xie for about $1,170.55 he incurred for business travels and office expenses.

65.     Defendant Wang interviewed and hired Plaintiff Xie.

66.     Defendants benefited from Plaintiff Xie's off-the-clock hours work during the workweek and on weekends.

67.     Defendants determined the rates of compensation of Plaintiff Xie and methods of payment.

68.     Plaintiff Xie was not provided a proper written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, and the regular pay day designated by Defendants.

69.     Throughout Xie's employment with Defendants, he was not compensated for all hours worked above forty (40) hours each workweek.

70.     Throughout Xie's employment with Defendants, he was not exempt under federal and state laws.

71.     Throughout Xie's employment with Defendants, Defendants did not provide him with a correct wage statement for each of his wage payment.


*Plaintiff Weicheng Cao*

13

72.     From on or around May 1, 2018 to present, Plaintiff Cao has been employed as a manager for Defendants' New York office located at 70 West 36th Street, Suite 6C, New York, NY 10018. Specifically, Plaintiff Cao manages the moving/delivery department of the Defendants' New York office. In such capacity, he is responsible for, among other things, coordinating the customers' moving service request and scheduling Defendants' cars for clients' use.

73.     Throughout Cao's employment with Defendants, he was not provided with a proper written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired that includes information about his rate of pay and basis thereof, allowances claimed by Defendants, and the regular pay day designated by Defendants.

74.     From approximately May 1, 2018 to present, Plaintiff Cao worked six (6) days per week with Saturdays off.

75.     At the time of his hiring, Plaintiff Cao's annual salary was $40,000. In addition, Plaintiff Cao was promised a commission at 15% of gross sales (calculated semi-annually) generated by the CITYSPADE MOVING AND DELIVERY LLC.

76.     Defendants failed to pay Cao any of the promised commission.

77.     Defendants failed to pay Cao any compensation, salary or commission, since on or around December 21, 2018.

78.     Defendants have failed to reimburse Cao for a total of $1,000 he incurred for business travel, company expenses, and purchases of Defendant Wang's personal items.

79.     Defendants did not provide Plaintiff Cao with a correct wage statement for each wage payment.

**STATEMENT OF CLAIMS**

**COUNT I**
**[Violation of Massachusetts Labor Law—Overtime Pay**

**Brought on behalf of Plaintiff Xie and Massachusetts Class]**

80.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

81.     Pursuant to the Mass. Gen. L. c. 151, §§ 1A-1B, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

82.     Defendants' failure to pay Plaintiff Xie and the Class their overtime pay violated the Massachusetts State Laws.

83.     Defendants' failure to pay Plaintiff and the Class was not in good faith.

## COUNT II
**[Violation of Massachusetts Labor Law—Failure to Pay Wages Earned Overtime Pay
Brought on behalf of the Plaintiff Xie and Rule 23 Class]**

84.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

85.     Defendants' conduct, as set forth above, in failing to pay their employees, including time-and-a-half pursuant to the FLSA, violated the Massachusetts Wage Act, Mass. Gen. L. c. 149, §148. This claim is brought pursuant to Mass. Gen. L. c. 149, §150.

## COUNT III
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

86.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

87.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for

employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

88.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.  29 U.S.C. §216(b).

89.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime premiums violated the FLSA.

90.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

91.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

92.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

93.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

### COUNT IV
**[Violation of New York Labor Law—Overtime Pay
Brought on behalf of the Plaintiffs and Rule 23 Class]**

94.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

95.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

96.     Defendants' failure to pay Plaintiffs their overtime premiums violated the NYLL.

97.     Defendants' failure to pay Plaintiffs were not in good faith.

## COUNT V
### [Violation of New York Labor Law—Spread of Hours
### Brought on behalf of the Plaintiff Xie and Rule 23 Class]

98.     The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten (10). This "spread of hours" regulation is applicable even if there is a split shift.

99.     Despite the fact that Plaintiff Xie routinely worked, at least three days a week,  a "spread of hours" greater than ten hours per day during certain employment period with Defendants, Defendants did not pay Plaintiffs any additional compensation as required by the regulations.

100.    Defendants' failure to pay spread of hours compensation was willful and intentional.

## COUNT VI
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on Behalf of the Plaintiffs and Rule 23 Class]

101.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set

forth herein.

102.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

103.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

104.    Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiffs thereafter.

105.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
### [Violation of New York Labor Law—New York Pay Stub Requirement
### Brought on Behalf of the Plaintiffs and Rule 23 Class]

106.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

107.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

108.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide proper paystub on or after each Plaintiff's payday.

109.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII
**[Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiffs]**

110.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

111.    At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

112.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

113.    Defendants failed to pay to Plaintiffs any wages since the end of December 2018, in violation of 29 U.S.C. § 206(a).

114.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

115.    Due to Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages plus liquidated damages equal to 100% of their her back-pay award and reasonable attorneys' fees and costs of the action.

## COUNT X
### [Violations of the New York Labor Law —Minimum Wage Brought on behalf of the Plaintiffs]

116.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

117.    At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

118.    Defendants failed to pay the Plaintiffs any wages since the end of December 2018, in violation of the New York Minimum Wage Act, New York Labor Law §652.

119.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages equal to 100% of their her back-pay award and reasonable attorneys' fees and costs of the action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective and Rule 23 Class Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a)    Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)    Certification of this case as a collective action pursuant to FLSA;

c)    Certification of this case as a Rule 23 class action pursuant to F.R.C.P 23.

d)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the

FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

e)   A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL and Massachusetts State Law;

f)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

g)   Award Plaintiffs unpaid wages and unpaid overtime due under the FLSA, NYLL and Massachusetts State Law;

h)   Award Plaintiffs "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiffs worked 10 or more hours in a workday pursuant to New York Labor Law and its regulations;

i)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL;

j)   The cost and disbursements of this action;

k)   An award of prejudgment and post-judgment fees; and

l)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury of any issue so triable.

*Respectfully Submitted*,

HANG & ASSOCIATES, PLLC


Dated:      May 29, 2019
Flushing,   New York                                */s/ Keli Liu*
                                                    Keli Liu, Esq.
                                                    *Attorney for Plaintiffs*
                                                    Hang & Associates, PLLC
                                                    136-20 38th Avenue
                                                    Suite 10G
                                                    Flushing, NY 11354
                                                    Tel: (718) 353-8588
                                                    Fax: (718) 353-6288
                                                    Email: kliu@hanglaw.com