UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XING XIE, et al.,

                Plaintiffs,

-against-

CITYSPADE INC. CITYSPADE MOVING AND DELIVERY LLC, and ZI JUN WANG,

                Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2024

1:19-cv-05005 (MKV)

ORDER DENYING DEFAULT JUDGMENT AND DISMISSING CASE FOR FAILURE TO PROSECUTE

---

MARY KAY VYSKOCIL, United States District Judge:

      On February 29, 2024, the Court held a hearing in this wage-and-hours case, which has been pending for nearly five years. On the record at the hearing, the Court denied Plaintiffs' application for a default judgment and dismissed this case for failure to prosecute. This Order summarizes the reasons for those rulings.

      Plaintiffs recently sought a default judgment after a long pattern of failing to prosecute this case. The Court previously has issued three Orders To Show Cause why this case should not be dismissed for failure to prosecute [ECF Nos. 32, 39, 49]. For example, as early as July 2021, after the parties ignored three of this Court's orders directing them to file a proposed case management plan [ECF Nos. 25, 29, 31], the Court directed Plaintiffs to show cause why the case should not be dismissed for failure to prosecute, or Plaintiffs' counsel should not be fined as a less drastic sanction, and put Plaintiffs "on notice that they are ultimately responsible for prosecuting this case, which may be dismissed because of their chosen counsel's conduct [ECF No. 32]. The Court issued another Order To Show Cause after counsel failed to appear at "two conferences in a row" [ECF No. 39]. On at least eight other occasions, the Court has also issued warnings about the potential for sanctions, including dismissal of this action for failure to prosecute [ECF Nos. 31, 54, 84, 86, 89, 92, 94, 96].

Indeed, over the life of this case, the Court repeatedly has prompted Plaintiffs to prosecute. Recently, in an Order dated November 16, 2024, the Court granted defense counsel's motion to withdraw and set a deadline for "Plaintiffs [to] advise the Court how they intend to proceed with this action" [ECF No. 94]. In an admittedly "two-day . . . late" submission, the lateness of which plaintiffs' counsel attributed to "heavy workload before holiday season," Plaintiffs stated: "Plaintiff [sic] plan to seek default judgment against Defendants. Specifically, Plaintiffs will request the Clerk to enter Defendant's default pursuant to FRCP Rule 55(a). Upon clerk's entrance of Defendants' default, Plaintiffs plan to seek default judgment against Defendants pursuant to FRCP Rule 55(b)(2)" [ECF No. 95].

The Court then issued an Order setting a deadline of December 11, 2023 for Plaintiffs to file their contemplated motion for a default judgment [ECF No. 96 ("Final Warning Order")]. The Court wrote:

> There will be NO EXTENSIONS of this deadline. If Plaintiffs do not file a motion for default judgment on or before December 11, 2023, this action **will be dismissed for failure to prosecute**. Plaintiffs are directed to comply with this Court's Individual Rules of Practice (specifically Attachment A) in filing their motion. If any part of Plaintiffs' motion does not comply with this Court's default judgment procedures, **the motion will be denied and this case will be closed. THIS IS PLAINTIFFS' FINAL CHANCE TO PROSECUTE THEIR CASE.**
> Accordingly, the parties, including the Plaintiffs personally, are on notice that **failure to comply with this Order, or any Local or Individual Rule of this Court, will result in sanctions, including dismissal of this action, and monetary sanctions, including financial sanctions on counsel.**

Final Warning Order at 1. On December 11, 2023, Plaintiffs filed an application for a default judgment that was improper in numerous respects [ECF No. 101, 102, 103].

First, as the Court stated on the record at the February hearing, Plaintiffs' application for a default judgment was predicted upon a Clerk's Certificate of Default that never should have issued as written [ECF Nos. 98, 100]. Plaintiffs proposed, and were granted, a certificate of default stating that, after the Court permitted defense counsel to withdraw, Defendants' "failure to otherwise

2

defend this action rendered [sic] Court to order Plaintiff to initiate default proceedings" [ECF Nos. 98, 100].  This language, while not a model of clarity, is unambiguously misleading.  It falsely suggests that the Court concluded that Defendants had failed to defend and, therefore, ordered Plaintiffs to seek a default judgment.  However, as outlined above, in response to the Court's numerous warnings that Plaintiffs were courting dismissal, Plaintiffs advised the Court of their plan to seek a default judgment [ECF No. 95].  Plaintiffs' Proposed Certificate of Default reflects a lack of candor to the Court that might, itself, be sanctionable.  *See In re Gordon*, 780 F.3d 156, 161 (2d Cir. 2015); *Advantage Sky Shipping LLC v. ICON Equip. & Corp. Infrastructure Fund Fourteen Liquidating Tr.*, 427 F. Supp. 3d 501, 505 (S.D.N.Y. 2019).

Next, in granting Plaintiffs leave to file a motion for default judgment, the Court warned Plaintiffs that "[i]f any part of Plaintiffs' motion does not comply with this Court's default judgment procedures, the motion will be denied and this case will be closed." Final Warning Order at 1.  Nevertheless, Plaintiffs failed to comply with the Court's default judgment procedures in several respects.  For example, both the Court's Final Warning Order and the Court's Individual Rules direct plaintiffs seeking a default judgment to proceed by "motion."  But, here, Plaintiffs did not file a motion.  Rather, they filed a proposed order to show cause, a declaration with exhibits, and a statement of damages [ECF Nos. 101, 102, 103].

Moreover, the Court's default judgment procedures direct moving parties to address a number of specific issues and include a number of specific filings that Plaintiffs omitted.  For example, Appendix A of the Court's Rules state that the movant must include a "copy of the Affidavit of Service of the Summons and Complaint."  Plaintiffs failed to include this in their application for a default judgment.

Plaintiffs also failed to serve their application for a default judgment on Defendants until after the Court scheduled a hearing and specifically instructed Plaintiffs to serve Defendants and file proof such service [ECF Nos. 105, 106].

Then, the afternoon before the hearing, Plaintiffs filed a letter stating that there was "a minor typo (a minor miscalculation) in the Statement of Damages" that "may affect the total damages that Plaintiffs are seeking" [ECF No. 109]. Plaintiffs filed this letter more than two months after the "NO EXTENSIONS . . . deadline" to file a motion that perfectly conformed to all applicable rules. Final Warning Order at 1. In this letter, filed the day before the hearing on their application for a default judgment, Plaintiffs asked the Court to "advise at your earliest convenience" how Plaintiffs should remedy their error. They did not include an updated version of the damages statement, giving the Court no way to assess whether the error was a "typo" or a "miscalculation" or how it would "affect the total damages" [ECF No. 109].

At the hearing, Plaintiffs' counsel, Ziyi Gao, was completely unprepared. Ms. Gao is the seventh attorney who has filed a notice of appearance on behalf of Plaintiffs in this case. She had no files with her and attempted to use her phone during the hearing. When the Court asked basic questions about Plaintiffs' failures to submit a proper motion for a default judgment and otherwise to prosecute this case, counsel repeatedly responded that she had only recently assumed responsibility for the case and requested "another chance." But the Court has heard the same excuse from others in the parade of Plaintiffs' counsel at previous status conferences [*see* ECF No. 54 (ordering the more senior "Mr. Hang [to] appear to explain why he should not be sanctioned for his failure to supervise"). As the Court stated on the record at the hearing, after nearly five years, Plaintiffs are out of chances.

To be sure, a court has discretion to enter a default judgment in response to a defendant's "withdrawal from the litigation." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114,

119 (2d Cir. 2011).  Here, Defendants appeared and answered [ECF Nos. 7, 8, 9].  However, two different attorneys later reported problems communicating with Defendants and withdrew [ECF Nos. 70, 80, 94].  It seems that, for years, Defendants failed to participate in discovery as required by the Federal Rules of Civil Procedure and, eventually, ceased to participate in the litigation [*see* ECF Nos. 54, 92].  While this went on, Plaintiffs failed to file motions to compel, to file letters to the Court about Defendants' conduct, and otherwise to prosecute this case.

The Court has discretion to deny a default judgment.  *See* Wright & Miller, Fed. Prac. & Proc. Civ. § 2685 (4th ed.).  Indeed, as the Second Circuit has explained, "[i]t is well established that default judgments are disfavored."  *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001).  "A clear preference exists for cases to be adjudicated on the merits."  *Id.*

Adjudication on the merits is not possible in this case because of the conduct of both parties.  However, in exercising its discretion to deny Plaintiffs' request for a default judgment, the Court observes several issues that might be fatal to the merits of Plaintiffs' case.  *See Swarna v. Al-Awadi*, 622 F.3d 123, 131 (2d Cir. 2010).  For example, based on the allegations in Plaintiffs' complaint, it appears that at least some of the plaintiffs might have been exempt employees under the FLSA because they were *bona fide* professionals or commissioned salespersons.[1]  *See* Cmpl. ¶¶ 56, 57, 72 (Cao was a "manager" with significant responsibilities), 75–77; *Fernandez v. Zoni Language Centers, Inc.*, 858 F.3d 45, 48 (2d Cir. 2017); *Schwind v. EW & Assocs., Inc.*, 371 F. Supp. 2d 560, 563 (S.D.N.Y. 2005).  While it is a defendant's burden to show that an exemption applies, a court evaluating a default judgment may consider the possibility of a meritorious defense.  *See Swarna*, 622 F.3d at 131; *Schwind*, 371 F. Supp. 2d at 563.

---

[1] Plaintiffs fail to provide specific, non-conclusory allegations about the work performed by Plaintiffs He, Dai, Guo, and Qu.  They simply assert that they "worked in a non-managerial role without any exercise of independent business judgment" [ECF Nos. 102-5, 102-6, 102-8, 102-9].  As such, Plaintiffs likely fail to state a claim as to these plaintiffs.

5

The Court further observes that allegations in the complaint contradict themselves and contradict "Assumptions" in the (admittedly inaccurate) statement of damages Plaintiffs filed. For example, the complaint alleges that Plaintiff Xi was paid a salary of $40,000 or $45,000, depending on the time period, and that he "worked from 9:00 a.m. to 6:00 p.m." but "had to continue working until around 10:00 at least three (3) days a week." Cmpl. ¶ 59. The complaint goes on to allege, "Plaintiff Xie therefore worked around fifty-two (52) hours per week." Cmpl. ¶ 59. However, the hours described add up to 57 hours per week, not 52. Moreover, even using the combination of allegations most favorable to Plaintiffs, Xi was paid about $13.49 per hour ($40,000/57x52). But Plaintiffs seek damages based on the "Assumption" that, for some periods of time, Xi worked for $11.83 per hour [ECF No. 103]. There is no explanation for this inconsistency. And, as noted above, Plaintiff's counsel was unable to answer questions about the case when the Court asked at the hearing on the motion for a default judgment.

Accordingly, for the reasons set forth above and on the record at the February 2024 hearing, especially Plaintiffs' long pattern of failures to prosecute this case, Plaintiffs' failure to submit a proper motion for a default judgment after a clear warning that it was their last chance to prosecute this case, and several glaring issues with the merits of Plaintiffs' case, IT IS HEREBY ORDERED that Plaintiffs' application for a default judgment is DENIED and this case is DISMISSED for failure to prosecute.

The Clerk of Court respectfully is requested to terminate all pending motions, including the motion of Yuezhu Liu to withdraw as Plaintiffs' counsel [ECF No. 104], and to close this case.

**SO ORDERED.**

**Date: March 1, 2024**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**